**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No.: 11-cv-00676-MSK-BNB

JON ANDERSON;
DON AMARAL;
REYES CALDERON;
STEVE CICCHINI;
MICHAEL CROWN;
BRET EVES;
JARROD MILLER;
KIP MURRAY;
ANTHONY SANCHEZ;
WILLIAM ALAN STOTT; and
JUSTIN TOLLE,

        Plaintiffs,

v.

PURE ENERGY SERVICES (USA), INC.,
a Colorado corporation,

        Defendant.

---

**SECOND AMENDED COMPLAINT**

---

Plaintiffs, for their Second Amended Complaint, state as follows:

**PARTIES, JURISDICTION AND VENUE**

1.    Plaintiff Jon Anderson is a resident of Grand Junction, Colorado.

2.    Plaintiff Don Amaral is a resident of Grand Junction, Colorado.

3.    Plaintiff Reyes Calderon is a resident of Grand Junction, Colorado.

4. Plaintiff Steve Cicchini is a resident of Kenosha, Wisconsin.

5. Plaintiff Michael Crown is a resident of Clifton, Colorado.

6. Plaintiff Bret Eves is a resident of Evanston, Wyoming.

7. Plaintiff Jarrod Miller is a resident of Grand Junction, Colorado.

8. Plaintiff Kip Murray is a resident of Lander, Wyoming.

9. Plaintiff Anthony Sanchez is a resident of Clifton, Colorado.

10. Plaintiff William Alan Stott is a resident of Clifton, Colorado.

11. Plaintiff Justin Tolle is a resident of Fruita, Colorado.

12. Defendant Pure Energy Services (USA), Inc. is a Colorado corporation.

13. Defendant has its principal place of business in Colorado in Arapahoe County.

14. This Court has jurisdiction over the First Claim for Relief, which claims overtime pay and damages pursuant to the Fair Labor Standards Act (FLSA), pursuant to 29 U.S.C. §216(b) of the FLSA and 28 U.S.C. §1331, and this Court has jurisdiction over the remaining claims, which allege various violations of state law related to unpaid compensation, as a matter of supplemental jurisdiction pursuant to 28 U.S.C. §1367.

15. Venue is proper pursuant to 28 U.S.C. §1391(b) because the actions complained of occurred in this judicial district.

**GENERAL ALLEGATIONS**

16. Defendant is engaged in the business of energy services, including the performance of well production testing services for energy companies.

17. At all relevant times, plaintiffs were employed by defendant as supervisors.

18. At all relevant times, plaintiffs' assigned duties included picking up a work crew of defendant's employees at a rendezvous point in or near Grand Junction, Colorado, and transporting the crew to a remote job site.

19. As supervisors, plaintiffs other than plaintiffs Bret Eves and Justin Tolle were directed to use company vehicles to transport the work crews to job sites.

20. As supervisors, plaintiffs Bret Eves and Justin Tolle were directed to use either a company vehicle or their personal trucks to transport the work crews and equipment to job sites.

21. Crew members other than supervisors could drive the company vehicles that transported the crews only in exceptional situations when the supervisors were unable to drive, and then only with the advance permission of management.

22. Defendant carried and paid for insurance on the company vehicles used to transport the work crews.

23. Defendant paid for the cost of fuel for the company vehicles to transport the work crews.

24. Defendant reimbursed plaintiffs Bret Eves and Justin Tolle for mileage when he used his personal truck to transport crews and equipment.

25. Plaintiffs Bret Eves and Justin Tolle were required to carry a minimum of $2 million in liability insurance on their personal trucks when they used them for company purposes.

26. Defendant directed plaintiffs not to use the company vehicles for personal purposes.

27. Employees on work crews, in most or all cases, were not permitted to travel to job sites in vehicles other than the company vehicles operated by plaintiffs and other supervisors, or in Bret Eves's or and Justin Tolle's insured vehicles.

28. Upon information and belief, and in anticipation of likely evidentiary support after a reasonable opportunity for discovery, a principal reason that defendant's employees were not permitted to drive personal vehicles on the work sites operated by the companies that used defendant's services was that defendant would have first been required to obtain additional insurance coverage.

29. Upon information and belief, and in anticipation of likely evidentiary support after a reasonable opportunity for discovery, employees of defendant other than supervisors were not allowed to drive the company vehicles that transported crew members to job sites because those employees were not covered by defendant's, or Bret Eves's of and Justin Tolle's insurance policies on the vehicles.

30. Defendant regularly disciplined or suspended members of work crews who arrived late at the rendezvous point.

31. Because plaintiffs were required to transport work crews to job sites as part of their assigned duties, transporting the work crews was an integral and indispensable part of plaintiffs' principal work activities.

32. At the job sites, supervisors and work crews generally worked 12-hour shifts.

33. Supervisors were generally paid for their twelve hours of shift work at the job sites, but were not paid for time spent driving work crews from the rendezvous point to the job site or for the return trip to the rendezvous point.

34. Plaintiffs typically spent between two and four hours per day transporting work crews between the rendezvous point and the job site.

35. Supervisors were also required to spend time at the job sites before and after their 12-hour shifts in order to be advised by the previous shift's personnel, and to advise the subsequent shift's personnel, of the status of operations.

36. Plaintiffs in some cases were not paid for this time they were required to spend before and after their shifts with personnel from other shifts.

37. In addition to the time they spent transporting work crews to and from job sites, plaintiffs Michael Crown and Bret Eves spent time transporting equipment to and from job sites, for which additional time he was not compensated.

**FIRST CLAIM FOR RELIEF**
(Overtime pay under the Fair Labor Standards Act)

38. The foregoing allegations realleged and incorporated by reference.

39. This Court has jurisdiction over this claim pursuant to 29 U.S.C. §216(b) of the Fair Labor Standards Act (FLSA).

40. The time plaintiffs spent transporting work crews and equipment between the rendezvous point and the job sites regularly occurred in weeks in which plaintiffs already worked in excess of 40 hours.

41. Plaintiffs were not paid on a time-and-a-half basis as required by the FLSA, and regulations promulgated thereunder by the U. S. Secretary of Labor, for time they spent transporting work crews between the rendezvous point and the job site.

42. Plaintiffs are entitled, by virtue of defendant's violation of the FLSA, to recover overtime pay for hours they worked in excess of forty per week for which they were not paid.

43. Defendant's violation of the FLSA was willful.

44. Plaintiffs are also entitled to recover from defendants an additional equal amount as liquidated damages, reasonable attorney's fees, costs, and interest, all as contemplated by 29 U.S.C. §216(b) of the FLSA.

**SECOND CLAIM FOR RELIEF**
(Recovery of minimum wages pursuant to Section 8-6-118, C.R.S.)

45. The foregoing allegations are realleged and incorporated by reference.

46. The time plaintiffs spent transporting work crews and equipment between the rendezvous point and the job site resulted in the plaintiffs working in excess of 12 hours per workday.

47. The time plaintiffs spent transporting work crews and equipment between the rendezvous point and the job site resulted in the plaintiffs working in excess of 12 consecutive hours.

48. The time plaintiffs spent transporting work crews and equipment between the rendezvous point and the job site was at defendant's direction and control and was therefore time worked within the meaning of 7 Code of Colorado Regulations 1103-1, Section 2.

49. Pursuant to 7 Code of Colorado Regulations 1103-1, Sections 4 and 18, and to Section 8-6-118, C.R.S., plaintiffs are entitled to recover time-and-a-half pay for all hours spent transporting work crews and equipment between the rendezvous point and the job site in excess of 40 hours per week, 12 hours per workday, and 12 consecutive hours.

50. Plaintiffs are also entitled to recover their attorney's fees and costs pursuant to Section 8-6-118, C.R.S. and Section 8-4-110, C.R.S.

### THIRD CLAIM FOR RELIEF
(Breach of Contract)

51. The foregoing allegations are realleged and incorporated by reference.

52. Defendant's failure to pay plaintiffs for time they spent at the job sites before and after their 12-hour shifts in order to be advised by the previous shift's personnel, and to advise the subsequent shift's personnel, of the status of operations was a breach of defendant's contract of employment with plaintiffs.

53. As a direct and proximate result of such breaches of contract, plaintiffs have suffered damages consisting of the amount of wages and compensation owed to them.

## FOURTH CLAIM FOR RELIEF
(Colorado Wage Claim Act)

54. The foregoing allegations are realleged and incorporated by reference.

55. Plaintiffs were entitled to be paid at the least their regular hourly rate for time they spent transporting work crews between the rendezvous point and the job site.

56. Plaintiffs were entitled to be paid time-and-a-half for all hours spent transporting work crews between the rendezvous point and the job site in excess of 40 hours per week, 12 hours per workday, and 12 consecutive hours.

57. Plaintiff Jon Anderson, through counsel, sent defendant a written wage demand pursuant to Section 8-4-109, C.R.S. which was received by defendant's registered agent for service of process on December 17, 2010.

58. Plaintiff Steve Cicchini, through counsel, sent defendant a written wage demand pursuant to Section 8-4-109, C.R.S. which was received by defendant's registered agent for service of process on January 28, 2011.

59. Plaintiff Michael Crown, through counsel, sent defendant a written wage demand pursuant to Section 8-4-109, C.R.S. which was received by defendant's registered agent for service of process on or about February 15, 2011.

60. Defendant did not tender to plaintiffs Jon Anderson, Steve Cicchini or Michael Crown any amounts within 14 days after receiving their wage demands.

61. Pursuant to the Colorado Wage Claim Act, Section 8-4-109, C.R.S., plaintiffs Jon Anderson, Steve Cicchini and Michael Crown are entitled to recover all earned but unpaid wages and compensation, plus a penalty of 125% of the first $7,500 of all compensation that remained unpaid 14 days after defendant received written wage demands sent on behalf of those plaintiffs, and 50% of the remaining amount of all compensation that remained unpaid 14 days after defendant received written wage demands sent on behalf of those plaintiffs.

62. Plaintiffs Jon Anderson, Steve Cicchini and Michael Crown are also entitled to an additional penalty of 50% of all compensation that remained unpaid 14 days after defendant received plaintiff's written wage demand pursuant to Section 8-4-109, C.R.S., because defendant's failure to pay those plaintiffs' compensation was willful.

63. All plaintiffs are entitled to recover their reasonable attorneys fees and costs incurred pursuant to Section 8-6-118, C.R.S. and Section 8-4-110, C.R.S.

**FIFTH CLAIM FOR RELIEF**
(Unjust Enrichment – work performed)

64. The foregoing allegations are realleged and incorporated by reference.

65. Defendant received, at plaintiffs' expense and to their detriment, the benefit of work plaintiffs performed at the job sites before and after their 12-hour shifts being advised by

the previous shift's personnel, and advising the subsequent shift's personnel, of the status of operations.

66. Defendant received the benefit under circumstances that would make it unjust for defendant to retain the benefit without paying.

67. As a matter of *quantum meruit*, plaintiffs are entitled to recover the reasonable value of the work they performed.

## DEMAND FOR JUDGMENT

Plaintiffs demand judgment in their favor and against defendant for:

A. Actual damages under the Fair Labor Standards Act;

B. Liquidated damages in an amount equal to their actual damages under the Fair Labor Standards Act;

C. Minimum wages pursuant to Section 8-6-118, C.R.S.;

D. All earned and unpaid wages and compensation owed to plaintiffs pursuant to their contracts of employment;

E. The reasonable value of all work plaintiffs performed for which they were unpaid;

F. Penalties under the Colorado Wage Claim Act;

G. Attorney's fees;

H. Prejudgment and postjudgment interest;

I. Costs; and

J. Such other relief as the Court deem proper.

Dated: July 11, 2011.

        This document, with original or scanned signatures, is available for inspection at the office of undersigned counsel.

        S/ David Lichtenstein
        David Lichtenstein
        Attorney for Plaintiffs

**Plaintiffs' addresses:**

Jon Anderson
1530 Glenwood Ave.
Grand Junction, CO 81501

Don Amaral
2410 Hidden Valley Drive
Grand Junction, CO 81507

Reyes Calderon
2829 North Avenue, Suite 202
Grand Junction, CO 81501

Steve Cicchini
7917 20th Avenue
Kenosha, WI 53143

Michael Crown
470 Carson Lake Dr.
Clifton, CO 81520

Bret Eves
General Delivery
Evanston, WY 82930

Jarrod Miller
384 Hill View Drive
Grand Junction, CO 81507

Kip Murray
108 Ray Lake Rd.
Lander WY 82520

Anthony Sanchez
PO Box 214
Clifton, CO 80520

William Alan Stott
3212 E Road
Clifton CO 81520

Justin Tolle
605 Sabil Dr.
Fruita, CO 81521

## CERTIFICATE OF SERVICE (CM/ECF)

I hereby certify that on July 11, 2011, I electronically filed the foregoing **SECOND AMENDED COMPLAINT** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

Walter Vernon Siebert
bsiebert@sah.com efiling@sah.com ckuntz@sah.com

Sarah Rose Peace speace@shermanhoward.com, kkirkpatrick@shermanhoward.com efiling@sah.com

        s/ David Lichtenstein
        David Lichtenstein
        1556 Williams Street, Suite 100
        Denver, CO 80218-1661
        Telephone:  (303) 831-4750
        Facsimile:   (303) 863-0835
        E-mail: dave@lichtensteinlaw.com
        Attorney for Plaintiffs